UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

TANDALA MIMS AKA TANDALA WILLIAMS

Debtor.

**MEMORANDUM OF LAW**

Case No.: 10-14030-mg
(Chapter 7)

Assigned to:
Hon. MARTIN GLENN
Bankruptcy Judge

## PRELIMINARY STATEMENT

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure to lift the Automatic Stay imposed by §362(a) of the United States Bankruptcy Code. The moving party is seeking relief from the Automatic Stay to exercise its rights under a Mortgage, including, but not limited to, the foreclosure of said mortgage, secured by real property commonly known as 1167 Grenada Place, Bronx, NY 10466 ("Mortgaged Premises"). The basis for this claim is that the Secured Creditor is inadequately protected nor is there any equity within the meaning of §362(d)(1) and (d)(2) and that the Debtor has failed to maintain mortgage payments to the Secured Creditor, Wells Fargo Bank, NA ("Secured Creditor"). All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

## FACTS

As set forth in the application of Secured Creditor, the Debtor executed the Mortgage to the Secured Creditor, or its predecessor in interest, in the amount of $374,037.00, which mortgage was secured by the Mortgaged Premises.

On the 27th day of July, 2010, the Debtor, Tandala Mims aka Tandala Williams filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for Relief was duly entered. Through the 1st day of October, 2010, the amount owed to the Secured Creditor is approximately $355,398.13. Additionally, to protect its security in the Mortgaged Premises, Secured Creditor may be required to make further advances for property taxes, insurance and related matters.

Debtor's Schedule A & D of their Petition reflects a property value of $430,000.00.

A second mortgage in the amount of $34,249.00 as set out in the Debtor's Schedule 'D'. There are total mortgages and liens in the amount of $389,647.13.

## ARGUMENT

Section 362(d) provides that "upon request of a party in interest, the court shall grant relief from the automatic stay, (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an action against property under subsection (a) of this section if (a) the debtor does not have any equity in such property; and (b) such property is not necessary to an effective reorganization."

The moving party carries the burden of proof with respect to the issue of equity of the property in question. In re Roxrun Estates, Inc. 74 B.R. 997, 1003 (Bankr. S.D.N.Y. 1987). A secured party is a party in interest for the purposes of §362 motions and by showing that the liens on the property exceed the property's worth, a secured creditor will have met this burden. Id.

Further, in a Chapter 7 case, there can be no question that the property is not necessary for the effective reorganization as the purpose of Chapter 7 is not to reorganize, but rather to self-liquidate. Id. As such, when the Debtor has no equity in the property the automatic stay must be lifted. Id.

As aforementioned, the value of the mortgaged premises is $430,000.00 and as such, minimal equity exists after estimated cost of sale and Debtor's homestead exemption. Therefore, the stay must be lifted pursuant to §362(d)(1) and (2).

In addition, "a debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." <u>In re Michael Lancelot Taylor,</u> 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

As aforementioned, the Debtor has failed to make 6 payments and the burden shifts to the Debtor to show that the Secured Creditor's interest is otherwise adequately protected. Unless this burden is met, the stay must be lifted pursuant to §362(d)(1).

## CONCLUSION

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to the Mortgaged Premises to permit the Secured Creditor to exercise its rights pursuant to the terms of the Mortgage, and for such other and further relief as this Court deem just and equitable.

STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
Wells Fargo Bank, NA

By: _____
Ehret A. Van Horn, Esq.
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400