| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: December 9, 2010<br>Hearing Time: 10:00 am |

In Re:

TANDALA MIMS AKA TANDALA WILLIAMS

        Debtor.

**<u>NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY</u>**

Case No.: 10-14030-mg
(Chapter 7)

Assigned to:
Hon. MARTIN GLENN
Bankruptcy Judge

      Please take notice that Wells Fargo Bank, NA, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on the 9th day of December, 2010, at 10:00 am or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, 6th Floor, Courtroom # 606, Manhattan, NY 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) and (d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 1167 GRENADA PLACE, BRONX, NY 10466 and for such other relief as the Court may deem proper.

DATED:    November 10, 2010
              Westbury, New York

                                      Yours, etc.

                                      By:    <u>S/ Dennis Jose</u>
                                                  Dennis Jose, Esq.
                                                    STEVEN J. BAUM, P.C.
                                                    Attorneys for Secured Creditor
                                                    Wells Fargo Bank, NA
                                                    Office and Post Address:
                                                    900 Merchants Concourse, Suite 116
                                                    Westbury, NY 11590
                                                    Telephone 716-204-2400

TO:

TANDALA MIMS AKA TANDALA WILLIAMS   Debtor
1167 Grenada Place
Bronx, NY 10466

DAVID BRODMAN, ESQ.              Attorney for Debtor
Law Office of David Brodman
633 Lydig Avenue
Bronx, NY 10462

SALVATORE LAMONICA, ESQ.         Chapter 7 Trustee
3305 Jerusalem Avenue
Wantagh, NY 11793

U.S. Trustee
33 Whitehall Street
Floor 21
New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br><br>TANDALA MIMS AKA TANDALA WILLIAMS<br><br>Debtor. | **APPLICATION**<br><br>Case No.: 10-14030-mg<br>(Chapter 7)<br><br>Assigned to:<br>Hon. MARTIN GLENN<br>Bankruptcy Judge |

      Wells Fargo Bank, NA ("Secured Creditor" or "Wells"), by its attorneys Steven J. Baum, P.C., moves to terminate the automatic stay in this case with respect to the real property commonly known as 1167 Grenada Place, Bronx, NY 10466 and states as follows:

      1. The above-captioned Debtor executed a note and mortgage dated the 10th day of May, 2004 in the amount of $374,037.00 (the "Note" and "Mortgage") secured by the premises commonly known as 1167 Grenada Place, Bronx, NY 10466 (the "Mortgaged Premises"). A written assignment of mortgage dated September 13, 2010 was executed for record purposes from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lend America, to Wells (the "Assignment"). A copy of the Note[1], Mortgage, and Assignment, is attached hereto as **Exhibit 'A'**.

      2. As set forth more fully in the Memorandum of Law being submitted herewith, Wells has standing to file the instant Motion as the rightful party in interest as it is the holder of the Note in question. Furthermore, as set forth in the Memorandum of Law, the executed assignment is valid.

      3. Attached hereto as **Exhibit 'B'** is an affidavit executed by John Kennerty, also known as Herman Kennerty, also known as Herman John Kennerty ("Kennerty"), a Vice President of Loan Documentation of Secured Creditor and a duly appointed certifying officer of MERS. Mr. Kennerty's affidavit confirms, *inter alia*,

---
[1] The Note attached to the instant motion is an up to date copy as of the date stated in the Kennerty Affidavit attached to the instant application. As stated in the Kennerty Affidavit, the copy of the Note attached to Wells' motion for relief from the automatic stay dated September 20, 2010 was an outdated copy that was maintained within Wells' computerized systems.

1

that Secured Creditor is in possession of the Note; that Secured Creditor became the holder of the Note on April 14, 2010; that Mr. Kennerty had the authority to execute the aforementioned Assignment on behalf of MERS; and that Mr. Kennerty personally appeared before a notary public to execute the Assignment.

4. Attached hereto as **Exhibit 'C'** is a corporate resolution of MERS, dated August 16, 2010, in further support of Mr. Kennerty's authority to execute the Assignment.

5. On the 27th day of July, 2010 Debtor Tandala Mims aka Tandala Williams filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

6. A Motion for Relief from Stay Worksheet mandated in this Court is attached hereto as **Exhibit 'D'**. As per said Worksheet, as of the 29th day of October, 2010, the Debtor is due for 7 payments in the amount of $2,771.96 which represents the payments due the 1st day of April, 2010 through October, 2010.

7. Furthermore, good through the 1st day of November, 2010, there was a total indebtedness owed on the Note and Mortgage in the sum of $358,040.69. In addition, there is a second mortgage in the amount of $34,249.00 as set out in the Debtor's Schedule D. Therefore, here are total mortgages in the amount of approximately $392,289.69 secured by the Mortgaged Premises.

8. Based on the Schedule A & D attached hereto as **Exhibit 'E'**, said real property is valued at $430,000.00. Based on the Secured Creditor's lien amount, additional liens against the Mortgaged Premises and the value of the Mortgaged Premises, there exists minimal equity in the premises amounting to approximately 8.76 percent of the value of the Mortgaged Premises as set forth by the Debtors, which in turn may not be sufficient to cover the costs of any prospective sale of the Mortgaged Premises.

9. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

10. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." *See,* 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists minimal equity in the Premises. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

11. The Debtor entitled to a homestead exemption as the Mortgaged Premises are listed as her residence as per the Courts' PACER docket and the Debtor's petition. Furthermore, the debtor has claimed said exemption in Schedule C of the bankruptcy petition.

11. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'F'.**

12. A prior application for relief was filed on September 20, 2010, and denied without prejudice by written opinion dated October 27, 2010.

3

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:   November 10, 2010
              Westbury, New York

Yours, etc.

By:    S/Dennis Jose
        Dennis Jose, Esq.
        STEVEN J. BAUM, P.C.
        Attorneys for Secured Creditor
        Wells Fargo Bank, NA
        Office and Post Address:
        900 Merchants Concourse, Suite 116
        Westbury, NY 11590
        Telephone 716-204-2400