UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

TANDALA MIMS AKA TANDALA WILLIAMS

Debtor.

**MEMORANDUM OF LAW**

Case No.: 10-14030-mg
(Chapter 7)

Assigned to:
Hon. MARTIN GLENN
Bankruptcy Judge

## PRELIMINARY STATEMENT

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure to lift the Automatic Stay imposed by §362(a) of the United States Bankruptcy Code. The moving party is seeking relief from the Automatic Stay to exercise its rights under a Mortgage, including, but not limited to, the foreclosure of said mortgage, secured by real property commonly known as 1167 Grenada Place, Bronx, NY 10466 ("Mortgaged Premises"). The basis for this claim is that the Wells Fargo Bank, NA ("Secured Creditor" or "Wells") is inadequately protected nor is there any equity within the meaning of §362(d)(1) and (d)(2) and that the Debtor has failed to maintain mortgage payments to the Secured Creditor. All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

## FACTS

As set forth in the application of Secured Creditor, the Debtor executed a note and mortgage in the amount of $374,037.00 (the "Note" and "Mortgage"), secured by the Mortgaged Premises. Wells became the holder of the Note on April 14, 2010. *See* Affidavit of John Kennerty, also known as Herman Kennerty, also known as Herman John Kennerty ("Kennerty"). A written assignment of mortgage dated September 13, 2010 was executed for record purposes from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lend America, to Wells (the "Assignment").

On the 27th day of July, 2010, the Debtor, Tandala Mims aka Tandala Williams filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for Relief was duly entered.

1

As of the 1st day of November, 2010, the amount owed to the Secured Creditor was approximately $358,040.69. In addition, there is a second mortgage in the amount of $34,249.00 as set out in the Debtor's Schedule 'D'. Therefore, there are total mortgages and liens in the amount of approximately $392,289.69 secured by the Mortgaged Premises. Debtor's Schedule A & D of their Petition reflects a property value of $430,000.00.

## ARGUMENT

### POINT I

### WELLS FARGO BANK, N.A. HAS STANDING TO FILE THE INSTANT MOTION.

The plain meaning of 11 U.S.C. 362(d) shows that upon the "request of a party in interest" the Court shall grant relief from the automatic stay. *See* 11 U.S.C. 362(d). while the term "party in interest" is not defined by the Bankruptcy Code, courts have determined that "the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *In re Comcoach Corp.*, 698 F.2d 571, at 573 (2d Cir. 1983) (internal citations omitted).

Under New York law, "[t]he holder of an instrument whether or not he is the owner may transfer or negotiate it, and except as otherwise provided in Section 3-603 on payment or satisfaction, discharge it or enforce payment in his own name." NY UCC §3-301. Wells has set forth that it is the holder of the original Note. *See* Kennerty Affidavit. Thus, Wells has a right to enforce payment in its own name. Further, delivery of the Note is sufficient to effectuate a transfer thereof, and no written assignment is required. See *In re Conde-Dedonato*, 391 B.R. 247, 251 (Bankr. E.D.N.Y. 2008) citing *Flyer v. Sullivan,* 284 A.D. 697, 699 (1st Dept. 1954). Delivery of the Note is sufficient to transfer an obligation, and the Mortgage passes with the debt as an inseparable incident. *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754 (2d Dept 2009). Moreover, the Note is ultimately endorsed in blank, meaning that it is payable to the bearer, which in this case is Wells as holder of the original Note.[1]

---

[1] The Note was originally made payable to Lend America. The Note was then endorsed by Lend America, "Paid to the Order of Washington Mutual Bank, FA...." The Note is then further endorsed by Washington Mutual Bank, FA in blank. As stated in the Kennerty Affidavit, the copy of the Note attached to Wells' motion for relief from the automatic stay dated September 20, 2010 was an outdated copy that was maintained within Wells' computerized systems.

2

As the current holder of the Note and concomitant Mortgage, Wells would be the rightful party in interest and thus have standing to file the Motion for Relief. Based on the foregoing, Wells has established that it has standing to file the instant Motion for Relief.

## POINT II

### THE ASSIGNMENT EXECUTED SEPTEMBER 13, 2010 IS VALID

Though the Assignment establishes a recorded connection from the last mortgagee **of record** to Wells, a written assignment is not required to effectuate a transfer of a note and mortgage in New York. Wells has standing is based solely on its status as holder of the original Note as set forth above.

Nevertheless, the written Assignment at issue is valid. Some background on the relationship between MERS and its member lenders is required. MERS was created in 1993 "…by several large participants in the real estate mortgage industry to track ownership interests in residential mortgages." *Merscorp, Inc. v. Romaine*, 8 N.Y.3d 90, 96 (2006). The member lenders of MERS "contractually agree to appoint MERS to act as their common agent on all mortgages they register in the MERS system." *Id.* The initial mortgage is recorded with a County Clerk, and MERS is named as the lender's nominee and/or mortgagee of record. *Id.* Beneficial ownership or servicing rights may then be transferred to other MERS members without also having to record each individual transfer with a County Clerk. *Id.* MERS serves as a singular nominee amongst its principals to electronically track transfers of mortgages within its own system, but retains no legal or beneficial interest in the underlying notes.

With this background in mind, the Assignment, executed by Mr. Kennerty, is valid. As set forth in the Kennerty Affidavit, Kennerty is a Vice President of Loan Documentation of Wells, and is also a duly appointed certifying officer of MERS pursuant to the corporate resolution of MERS dated August 16, 2010. *See also* Kennerty Affidavit. As such, Kennerty was duly authorized to execute the Assignment. *See id.* Mr. Kennerty personally appeared before a notary public to execute the Assignment. *Id.* Therefore, the Assignment at issue is valid.

## POINT III

### GROUNDS EXIST TO LIFT THE AUTOMATIC STAY

Section 362(d) provides that "upon request of a party in interest, the court shall grant relief from the automatic stay, (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an action against property under subsection (a) of this section if (a) the debtor does not have any equity in such property; and (b) such property is not necessary to an effective reorganization."

The moving party carries the burden of proof with respect to the issue of equity of the property in question. *In re Roxrun Estates, Inc.*, 74 B.R. 997, 1002 (Bankr. S.D.N.Y. 1987). A secured party is a party in interest for the purposes of §362 motions and by showing that the liens on the property exceed the property's worth, a secured creditor will have met this burden. *Id.* at 1002-03.

Further, in a Chapter 7 case, there can be no question that the property is not necessary for the effective reorganization as the purpose of Chapter 7 is not to reorganize, but rather to self-liquidate. *Id.* at 1003. As such, when the Debtors have no equity in the property the automatic stay must be lifted. *Id.*

As aforementioned, the value of the mortgaged premises is $430,000.00 with outstanding mortgages estimated at $392,289.69. The equity cushion is minimal at approximately 8.76% of the value of the premises and may not be sufficient to cover the costs of any potential sale. Therefore, it is respectfully submitted that the stay must be lifted pursuant to §362(d)(1) and (2).

In addition, "a debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." *In re Michael Lancelot Taylor*, 151 B.R. 646, 648 ( E.D.N.Y. 1993). As aforementioned, the Debtor has failed to make 7 payments to the Secured Creditor and the stay should be lifted pursuant to §362(d)(1).

## CONCLUSION

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to the Mortgaged Premises to permit the Secured Creditor to exercise its rights pursuant to the terms of the Mortgage, and for such other and further relief as this Court deem just and equitable.

Dated:  November 10, 2010
       Westbury, New York

STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
Wells Fargo Bank, NA

By:  S/Dennis Jose
     Dennis Jose, Esq.
     Office and Post Address:
     900 Merchants Concourse, Suite 116
     Westbury, NY 11590
     Telephone 716-204-2400