UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:
        TANDALA MIMS A/K/A
        TANDALA WILLIAMS,

                                                    Case No.: 10-14030(mg)
                              Debtor.                (Chapter 7)

### AFFIRMATION IN OPPOSITION TO UNITED STATES TRUSTEE'S MOTION PURSUANT TO RULES 2004 AND 9016

Natalie A. Grigg, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Southern District of New York, states the following under the penalty of perjury:

1.    I am an attorney at law and an associate with the office of Steven J. Baum, P.C., the attorneys for Wells Fargo Bank, NA ("Wells Fargo"), a secured creditor of Tandala Mims a/k/a Tandala Williams (the "Debtor"), and, as such, am fully familiar with the facts and circumstances contained herein.

2.    This Affirmation is submitted in opposition to the United States Trustee's motion pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure seeking an order: (i) authorizing the issuance of a subpoena *duces tecum*, compelling Wells Fargo to produce certain documents, and (b) compelling Wells Fargo to appear for a 2004 Examination.

3.    The United States Trustee's Motion should be denied because: (i) Wells Fargo has re-filed the Motion for Relief originally denied without prejudice on October 27, 2010 which re-filed Motion for Relief provides additional detail and explanation intended to cure the deficiencies of the original Motion for Relief thereby rendering many

of the United States Trustee's requests moot; (ii) the remaining requests made by the United States Trustee are irrelevant to the present proceeding and beyond the scope of Rule 2004.

### WELLS FARGO'S MOTION FOR RELIEF

4.    As noted by the United States Trustee, a Motion for Relief from the automatic stay was filed by Wells Fargo on or about September 20, 2010 ("Mims I") and the same was denied by the Court without prejudice on October 27, 2010.  The United States trustee now seeks additional information regarding the factual and legal basis for the Motion for Relief.

5.    However, the United States Trustee fails to note in the moving papers that the Motion for Relief was re-filed on or about November 10, 2010 ("Mims II") and, in that Motion for Relief, Wells Fargo has provided additional detail to correct and explain the deficiencies in the Mims I Motion for Relief, to wit:

- Wells Fargo has confirmed by Affidavit of John Kennerty, Vice President of Loan Documentation, that Wells Fargo is the holder of the Note and is in possession of the Note.  Under New York law, the holder of the Note is entitled to enforce the same and thus has standing to bring the Motion for Relief.

- Wells Fargo has explained by Affidavit of John Kennerty that the Note submitted with the original Motion for Relief did not contain the endorsement to "blank" and the reason for the same was that it was a copy maintained in Wells Fargo's computerized file but that inspection of the original Note revealed that it does, in fact, contain an endorsement to "blank".  Under New York State law, a note endorsed to "blank" is a bearer instrument and payable to the holder.

2

- Wells Fargo has explained by Affidavit of John Kennerty that Wells Fargo became the holder of the Note on April 14, 2010. Under New York State Law, assignment of a Note is accomplished by delivery of the document. Here, delivery of the Note took place prior to the Mims I Motion for Relief filing.

- Wells Fargo has confirmed by Affidavit of John Kennerty and by submitting a copy of the Corporate Resolution of MERS dated August 16, 2010 that Mr. Kennerty has authority to execute the Assignment of Mortgage on behalf of MERS and that Mr. Kennerty personally appeared before a Notary Public to execute said assignment. However, said Assignment of Mortgage was executed for recording purposes only and the assignment of the Note and Mortgage to Wells Fargo was effective as of April 14, 2010 when the Note was delivered to Wells Fargo.

6. Counsel for Wells Fargo has contacted the United States Trustee's Office in an effort to determine what additional information the United States Trustee seeks in relation to the Mims I Motion for Relief and in an effort to come to a consensual agreement about such discovery. On Friday, December 3, 2010, our office was notified by Andrew D. Velez-Rivera, Esq. that the United States Trustee's Office was not willing to discuss a consensual agreement for discovery in this matter.

**THE UNITED STATES TRUSTEE'S REQUESTS ARE MOOT BASED UPON THE MOTION FOR RELIEF FILED NOBMEBER 10, 2010 BY WELLS FARGO, IRRELEVANT TO THE PRESENT PROCEEDING OR BEYOND THE SCOPE OF RULE 2004**

7. Federal Rule of Bankruptcy Procedure 2004 provides that upon the motion of a party in interest, the Court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that affects the administration of the estate of the debtor. "Good cause" is the standard employed

3

under Rule 2004.  Under that standard, the movant must show 'some reasonable basis to examine the material . . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." *In re Grabill Corp.*, 109 B.R. 329, 334.  It is respectfully submitted that the United States Trustee cannot show "good cause" in light of the Mims II Motion for Relief.

8.      Additionally, "while the scope of Rule 2004 is broad, it cannot be used to harass, abuse or inquire into irrelevant matters, and examinations should not be overly disruptive or costly." *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn 2000).  "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *Id.* at 208. Rule 2004 examinations should not be designed to discover information for use in an unrelated case or proceeding. *Id.* at 208-209.

9.      In regard to the United States Trustee's specific requests, document request no. 3 and has been complied with as the documents requested are attached to Wells Fargo's Motion for Relief filed November 10, 2010.  Document requests numbered 4 through 12 and examination topics numbered 4, 5 and 7 it is respectfully submitted that the same are irrelevant to the present proceeding.

10.     The plain meaning of 11 U.S.C. 362(d) shows that upon the "request of a party in interest" the Court shall grant relief from the automatic stay.  *See* 11 U.S.C. 362(d). while the term "party in interest" is not defined by the Bankruptcy Code, courts have determined that "the 'real party in interest' is the one who, <u>under the applicable substantive law</u>, has the legal right which is sought to be enforced or is the party entitled

to bring suit." *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983). *Emphasis added.*

11.    Under New York law, "[t]he holder of an instrument whether or not he is the owner may...enforce payment in his own name." U.C.C. §3-301. Wells Fargo has set forth via affidavit that the note was transferred to Wells Fargo in April, 2010, and that Wells Fargo has possession of the original Note. *See* Affidavit of John Kennerty. As the delivery of the Note is sufficient to effectuate an assignment of the debt, Well Fargo has established that it is the current holder, and thus has a right to enforce payment in its own name. There is no requirement under the New York U.C.C. that the holder set forth any information regarding any prior transfers of the Note to establish that it may enforce payment. As such, the United State's Trustee's document requests number 4 through 12 and examination topic 4 are not required under the law and therefore are irrelevant to the present proceeding.

12.    Furthermore, the Debtor has acknowledged that it owes a debt to Wells Fargo in her Chapter 7 Petition and said debt is not listed as disputed. In addition, the Debtor has again acknowledged the debt owed to Wells Fargo on November 19, 2010 (twenty-three (23) days after the Mims I Motion for Relief was denied) when she filed a Loss Mitigation Request seeking to enter into voluntary loss mitigation with Wells Fargo regarding the mortgage lien on property located at 1167 Grenada Place, Bronx, NY 10466.

13.    As such, any inquiry by the United States Trustee into Wells ownership of the Note is moot based upon the Mims II Motion for Relief and supporting documents and moot based upon the Debtor's acknowledgement of the debt she owes to Wells

Fargo. Any inquiry into the prior transfers of the Note and Mortgage and the retainer/service agreement between Wells Fargo and MERS are irrelevant as detail into the same is not required under New York State Law to show that a party is entitled to collect on the Note.

14.   A Rule 2004 examination should not be used to gain "unlimited access to internal affairs of [a debtor's] creditors and those employed by [a debtor's] creditors." *In re GHR Energy Corp.*, 33 BR 451, 455 (Bankr. D.C. Mass. 1983). "Examination should be limited to matters involving the debtor. Examination of a witness about 'matters having no relationship to the bankrupt's affairs or the administration of his estate ... is improper." *See In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984).

15.   Document request number 12 is wholly irrelevant to the present proceeding as it has no relationship to the Debtor's affairs or administration of the Debtor's Bankruptcy Estate. In request number 12, the United States Trustee request "all documents concerning any policy or procedure, written or otherwise publishes, concerning Wells Fargo's drafting, verifying and filing proofs of claims in bankruptcy cases in the Southern District of New York , effective July 27, 2010. The present proceeding is a Chapter 7 Bankruptcy matter and no proof of claim has been filed by Wells Fargo.

16.   Document requests number 11 and 12 as well as examination topics 1, 2, 3 and 6 have already been provided to the United States Trustee, to wit: the United States Trustee has conducted two voluntary 2004 examinations of Wells Fargo's employees in November and December, 2009. To require Wells Fargo to submit to a third 2004 examination regarding its policies and procedures regarding motions for relief and proofs

of claim after it has filed a new Motion for Relief correcting the deficiencies in the Motion for Relief filed September 20, 2010 is more disruptive and costly to Wells Fargo than beneficial to the United States Trustee as the United States Trustee has already obtained copies of Wells Fargo's policies and procedures and had two opportunities to question Wells Fargo with respect to the same.  If the United States Trustee wishes to seek limited information about changes in procedure since the time of the prior 2004 examinations, if any, it is submitted that the same can be provided via affidavit and or written interrogatories.

## CONCLUSION

17.      Based upon all of the foregoing, it is respectfully requested that the United States Trustee's request for an order authorizing a subpoena *duces tecum* and a Rule 2004 Examination of Wells Fargo be denied in its entirety or, in the alternative, the same be limited in scope to document requests number 1 and 2 only.

**WHEREFORE**, it is respectfully requested that this Court deny the United States Trustee's motion in its entirety,  or, in the alternative, the same be limited in scope to document requests number 1 and 2 only, together with such other and further relief as this Court deems just, equitable and proper.

Dated: December 6, 2010

Natalie A. Grigg, Esq.