LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                              Chapter 7
                                                                    Case No: 10-14030-MG
TANDALA MIMS a/k/a TANDALA WILLIAMS,

                       Debtor.
------------------------------------------------------------------x

# CHAPTER 7 TRUSTEE'S RESPONSE AND OPPOSITION TO THE MOTION TO WELLS FARGO BANK, N.A. TO TERMINATE THE AUTOMATIC STAY AS TO THE REAL PROPERTY LOCATED AT, AND KNOWN AS, 1167 GRENADA PLACE, BRONX NEW YORK 10466

Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee"), of the estate of Tandala Mims a/k/a Tandala Williams (the "Debtor"), bys his counsel, LaMonica Herbst & Maniscalco, LLP ("LH&M"), submits this response and opposition to the motion of Wells Fargo Bank, N.A. ("Wells Fargo") seeking to terminate the automatic stay as against the real property located at, and known as, 1167 Grenada Place, Bronx, New York 10466 (the "Real Property"), and granting the Trustee such further and different as the Court deems just and proper, respectfully states as follows:

## PROCEDUREAL BACKGROUND

1.      On July 27, 2010 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. By Notice of Appointment, Salvatore LaMonica, Esq., was appointed the interim Chapter 7 Trustee of this estate, has since duly qualified and is now the permanent Trustee in this case.

3. On or about September 20, 2010, Wells Fargo, through its counsel, filed a motion (the "First Motion") to terminate the automatic stay with respect to the Real Property.

4. By Memorandum Decision and Order dated October 27, 2010, the Court denied the Motion of Wells Fargo since, *inter alia*, Wells Fargo did not offer any evidence that they owned the original Note.

5. Thereafter, on or about November 10, 2010, Wells Fargo filed another motion (the "Second Motion") to terminate the automatic stay with respect to the Real Property in which it purportedly attempted to demonstrate that it was the holder of the original Note.

## FACTUAL BACKGROUND

6. On or about May 10, 2004, the Debtor purchased the Real Property.

7. On or about May 10, 2004, the Debtor executed a Note and Mortgage granted to Lend America in the original loan amount of $ 374,037.00 and secured by the Real Property.

## ARGUMENT

8. There is no basis to grant the relief requested in the Second Motion since Wells Fargo has failed to demonstrate (a) that it is the true holder of the Note and (b) which entity allegedly assigned the Note to them. Since there are numerous issues that call into question whether Wells Fargo is the holder of the Note coupled with Wells Fargo's failure to provide any form of evidence proving the same, the Second Motion must be denied.

9. In fact, Second Motion is substantially similar to the First Motion and neglects to adequately address any of the concerns raised by the Court in its Memorandum Decision and Order.

10. The Note, as provided by Wells Fargo as an exhibit to its Second Motion, reflects that it was originally payable to Lend America. The last page of the Note contains a stamped endorsement which states "Paid to the Order of Washington Mutual Bank, F.A. Without Recourse Lend America."[1] Presumably, the assignment from Lend America to Washington Mutual took place on a date prior to September 25, 2008 when the latter was taken over by the FDIC and sold to JP Morgan Chase ("Chase"). Remarkably, Wells Fargo has not offered any evidence that the Note was assigned to them from either Washington Mutual or Chase.

11. In an affidavit by John Kennerty ("Kennerty"), Vice President of Loan documentation of Wells Fargo, Kennerty states that Wells Fargo became the holder of the Note on April 14, 2010. This self serving statement does not provide any indication as to whom Wells Fargo received the assignment from. Indeed, the Second Motion repeatedly alleges that Wells Fargo is the holder of the Note yet mysteriously never reveals the source of the alleged assignment.

12. Kennerty also maintains that Wells Fargo is in possession of the original Note. Such a statement can hardly be substantiated since the Note attached as an exhibit to the Motion is merely a copy.

13. As a result, Wells Fargo lacks standing file this Motion as they are not a party of interest and the Second Motion should be denied.

---

[1] Curiously, the Note originally provided by Wells Fargo in its original motion to terminate the automatic stay contained only one stamp while the provided in this Motion contains two (2) substantially similar stamps.

14. More significantly, the Court in its Memorandum Decision and Order dated October 27, 2010 stated that these very issues will have to be addressed by Wells Fargo if it chooses to renew its lift-stay motion. Although, Wells Fargo has filed a new motion, they fail to address any of the issues questioned by the Court, namely providing evidence that they are the holder of the Note.

15. The Debtor, through the Law Offices of Linda M. Tirelli, Of Counsel to the Law Office of David Brodman, has filed an objection to the Second Motion which sets forth all the legal and equitable deficiencies associated with the Second Motion. The Trustee supports and adopts those assertions as his own and need not repeat each deficiency.

16. In the alternative, the United States Trustee has filed an application for the Rule 2004 examination of Wells Fargo. The Trustee respectfully submits that any determination on the Second Motion should await the entry of a Rule 2004 Order of the Court directing the examination of Wells Fargo and the ability to conduct such an examination.

17. Based on the foregoing, this Court should deny the relief requested in the Motion.

Dated: December 6, 2010
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**

By:    <u>s/ Salvatore LaMonica</u>
       Salvatore LaMonica, Esq.
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       (516) 826-6500

*M:\Documents\Company\Cases\Mims, Tandala\Trustee's Opposition to Wells Fargo Lift Stay Motion.doc*