**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                                          :
                                                            :
                                                            :
TANDALA MIMS AKA TANDALA WILLIAMS,  :     Chapter 7
                                                            :
                                                            :     Case No. 10-14030 (MG)
                                                            :
                               Debtor.           :
------------------------------------------------------------------x

## ORDER DENYING WELLS FARGO BANK, NA'S RENEWED MOTION FOR TERMINATION OF THE AUTOMATIC STAY

*A P P E A R A N C E S:*

STEVEN J. BAUM, P.C.
*Attorneys for Secured Creditor*
*Wells Fargo Bank, NA*
220 Northpointe Parkway, Suite G
Amherst, NY 14228
By:    Natalie A. Grigg, Esq.

LAW OFFICE OF DAVID BRODMAN
*Attorney for Debtor Tandala Mims*
633 Lydig Avenue
Bronx, NY 10462
By:    David Brodman, Esq.

LINDA M. TIRELLI, ESQ.
*Attorney for Debtor Tandala Mims*
One North Lexington Avenue, 11th Floor
White Plains, NY 10601
By:    Linda M. Tirelli, Esq.

SHAEV & FLEISCHMAN, LLP
*Attorneys for Debtor Tandala Mims*
330 Fifth Avenue, Suite 7210
New York, NY 10118
By:    David B. Shaev, Esq.

LAMONICA HERBST & MANISCALCO, LLP
*Attorneys for Chapter 7 Trustee Salvatore LaMonica*
3305 Jerusalem Avenue
Wantagh, NY 11793
By:    Salvatore LaMonica, Esq.
        Adam P. Wofse, Esq.

TRACY HOPE DAVIS
*United States Trustee for Region 2*
33 Whitehall Street, 21st Floor
New York, NY 10004
By:    Andrew D. Velez-Rivera, Esq.
        Greg M. Zipes, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

Wells Fargo, NA ("Wells Fargo" or the "Movant") has renewed its motion in this case for an order lifting the automatic stay with regard to 1167 Grenada Place, Bronx, NY 10466 (the "Property") pursuant to section 362(d) of the Bankruptcy Code (the "Renewed Motion," ECF # 20). Wells Fargo's earlier motion to lift the automatic stay (ECF # 9) was denied in a written opinion, dated October 27, 2010 ("October 27 Opinion"). *See In re Mims*, 438 B.R. 52 (Bankr. S.D.N.Y. 2010). Familiarity with the earlier opinion is assumed. The debtor, Tandala Mims ("Mims" or "Debtor"), and the chapter 7 Trustee, Salvatore LaMonica, have filed opposition to the Renewed Motion. Among other things, the Debtor's opposition requests an award of attorneys' fees in opposing the Renewed Motion.

On November 19, 2010, the Debtor filed a Request for Loss Mitigation pursuant to this Court's Loss Mitigation Program. (*See* ECF # 24.) Wells Fargo did not file any objection to the Request for Loss Mitigation. However, on December 8, 2010, the Debtor withdrew the Request for Loss Mitigation without prejudice. (See ECF # 40.)

2

Additionally, on November 24, 2010, the Debtor filed a motion to convert this case from a case under chapter 7 to a case under chapter 13. (ECF # 27.) The motion to convert the case is noticed to be heard on January 6, 2011.

With respect to the Renewed Motion to lift the automatic stay, the Renewed Motion is denied without prejudice. The Court's reasons for doing so are very simple. The October 27 Opinion sets forth the deficiencies in the earlier motion to lift the automatic stay. While the Renewed Motion addresses *some* of the issues raised in the prior opinion, not all of the issues have been satisfactorily addressed. With respect to the assignment of the note and mortgage, the October 27 Opinion stated: "An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*" *Mims*, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information.

Additionally, the Lift-Stay Worksheet, required by Local Bankruptcy Rule 4001-1(c), fails to demonstrate that Wells Fargo has personal knowledge of Mims' payment history. The October 27 Opinion stated:

> The signature on the Worksheet indicates that it was prepared by Craig C. Zecher, a Wells Fargo legal process specialist. Despite the fact that Wells Fargo did not obtain an assignment of the Mortgage until September 13, 2010, seven days before the [original] lift-stay motion was filed on September 20, 2010, the Worksheet provides information about payment defaults dating back to April 1, 2010. Wells Fargo's ability to certify the accuracy of the information provided in the Worksheet is questionable given its only recently acquired interest in the First Mortgage.

*Mims*, 438 B.R. at 54. This problem has not been cured. While the Renewed Motion provided some (but not all) of the additional facts required about Wells Fargo's acquisition of the

3

Promissory Note, no additional facts are provided regarding whether and when Wells Fargo became the loan servicer for the Mims' loan, and the basis for knowledge about the payment history.

With respect to the application of Debtor's counsel for attorneys' fees in connection with the opposition to the Renewed Motion, the application is denied without prejudice, pending any further renewed motion to lift the automatic stay.

**IT IS SO ORDERED.**

DATED:    December 9, 2010
          New York, New York

                                       **/s/Martin Glenn**
                                        MARTIN GLENN
                              United States Bankruptcy Judge